Cedarburg Canning Company v. Commissioner.
Cedarburg Canning Co. v. Commissioner
Docket No. 31233.
United States Tax Court
1953 Tax Ct. Memo LEXIS 323; 12 T.C.M. (CCH) 325; T.C.M. (RIA) 53097; March 27, 1953
Carl B. Rix, Esq., 833 Wells Building, Milwaukee, Wis., for the petitioner. Paul Levin, Esq., for the respondent. MURDOCK
Memorandum Findings of Fact and Opinion The Commissioner determined deficiencies and additions thereto as follows: Deficiency
Personal Holding
Addition under
Year
Company Surtax
Section 291(a)
1941
$1,148.33
$ 287.08
1942
1,147.11
286.78
1943
1,687.57
421.89
1944
5,180.45
1,295.11
1945
6.50
1.63
1946
671.83
167.96
Income Tax
1945
86.80 The Commissioner concedes that the addition to the income tax for 1945 was improperly determined and is not due. The only issue raised by the pleadings which is urged for decision is whether the failure of the petitioner to file personal *324 holding company tax returns for the taxable years was due to reasonable cause and not to willful neglect. Findings of Fact The petitioner is and was during the taxable years a Wisconsin corporation. The Commissioner, in a notice of deficiency dated March 18, 1942, determined a deficiency in personal holding company surtax against the petitioner for 1938 in the amount of $6,798.33, and an addition thereto of 25 per cent, or $1,699.58. He explained the 25 per cent addition as follows: "Inasmuch as you failed to file a personal holding company return within the time prescribed by law, twenty-five per centum of the tax has been added thereto in accordance with the provisions of Section 291 of the Revenue Act of 1938." Cedarburg Canning Company on June 11, 1942, filed a petition with the Board of Tax Appeals contesting that determination. That petition was signed and verified on behalf of Cedarburg Canning Company by James J. Wittenberg, its Secretary. That proceeding came to trial on May 25, 1943, at which time James Wittenberg testified. The Tax Court decided in March, 1944, that the Cedarburg Canning Company was a personal holding company, liable for personal holding company *325 surtax and also for the addition of 25 per cent under section 291 for failure to file a personal holding company return on Form 1120H. That decision was affirmed on appeal to the Court of Appeals for the Seventh Circuit. James Wittenberg was Secretary and Treasurer of the petitioner prior to his election as President of the company in 1946. His brother, Theodore, had been President up to the time of his death on May 1, 1942. James Wittenberg took over the management of the affairs of the petitioner, including the supervision of its books and records and the filing of income tax returns after the death of his brother on May 1, 1942. Counsel for the petitioner in this case told James Wittenberg, at some time not disclosed by the record, that he should file a personal holding company return for the petitioner on Form 1120H. The petitioner was a personal holding company during all of the taxable years but it did not file a personal holding company return for any of the taxable years. Its failure to file a personal holding company return for each of the taxable years was not due to reasonable cause but was due to willful neglect. All facts stipulated by the parties are incorporated *326 herein by this reference. Opinion MURDOCK, Judge: The petitioner is presumed to know the law, including that requiring it to file a personal holding company return. Furthermore, this requirement was known to it and to its officer, James Wittenberg, by reason of the determination of the Commissioner as to 1938 and the proceedings unsuccessfully contesting that determination. Furthermore, at some time not disclosed by the record the attorney for the petitioner in the present proceeding called to the attention of James Wittenberg, the officer of the petitioner who supervised the filing of the returns, the need or advisability of filing such returns. Yet none were filed. No adequate excuse for failing to file such a return in each taxable year appears. The Commissioner determined that the failure of the petitioner to file such returns was not due to reasonable cause but was due to willful neglect. The evidence not only fails to show that the Commissioner erred in that respect but shows affirmatively that he was right. Counsel for the petitioner after the hearing in this case, with the permission of the Court and the cooperation of counsel for the respondent, filed a stipulation of *327 facts which counsel for the petitioner apparently felt would entitle the petitioner to some relief under section 504 (e) (2) of the Internal Revenue Code as enacted by section 349 of the Revenue Act of 1951. However, no issue relating to that provision is raised in the pleadings and no effort has been made to amend the pleadings to include any such issue. Consequently, no such issue is properly before the Court. Nevertheless, the Court has examined the evidence before it, including the stipulation, and has concluded that there is no merit in the contention in any event because section 504 (e) (2) has no application under the facts here present. That section provides for an amount to be subtracted in computing "undistributed subchapter A net income." The amount to be subtracted is the amount by which the undistributed subchapter A net income, determined without reference to the subsection, exceeds the amount which could be distributed on the last day of the taxable year as a dividend not subject to a lien in favor of the United States. The argument of counsel for the petitioner in this connection relates to the year 1944. He states correctly that there was no *328 lien at the end of that year in favor of the United States against any income of the petitioner. The stipulation shows that the earned surplus at the end of that year was $86,631.82, all of which could have been distributed on the last day of that year as a dividend. The undistrbuted subchapter A net income determined without reference to subsection (e) did not exceed, but was less than one-tenth of, that amount. Therefore, nothing could be subtracted by reason of the application of (e). Decision will be entered for the respondent except for a concession that no addition to the income tax for 1945 is due under section 291 (a).